IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RANGER INSURANCE LIMITED** | § | **CIVIL ACTION NO. 4:10-cv-02009** |
| VS. | § | |
| **BP plc, BP EXPLORATION & PRODUCTION, INC, BP AMERICA PRODUCTION COMPANY, BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC. and BP HOLDINGS NORTH AMERICA LIMITED** | § | **ADMIRALTY RULE 9(H)** |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

This Amended Complaint for Declaratory Judgment is filed by **RANGER INSURANCE LIMITED** subscribing the liability insurance policy issued to Transocean Ltd. (identified as "**RANGER**") against **BP p.l.c., BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC.** and **BP HOLDINGS NORTH AMERICA LIMITED** (collectively, "BP").

### PRELIMINARY STATEMENT

1.

This is an action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case or controversy regarding a claim by **BP** for additional insured coverage under that certain liability

Ranger v. BP, et al
Amended Complaint for Declaratory Judgment

Page 1

insurance policy issued to Transocean Ltd. and its affiliates, subsidiaries and certain related companies (collectively, "Transocean") for the period May 1, 2009 to May 1, 2010.

2.

This dispute arises out of the explosion and fire on the *Deepwater Horizon* on April 20, 2010, her subsequent sinking in the Gulf of Mexico, and the oil emanating from **BP**'s well. At the time of the casualty, the *Deepwater Horizon* was conducting drilling activities in Mississippi Canyon Block 252 pursuant to a drilling contract between Transocean Ltd., its subsidiary, Transocean Holdings LLC, and **BP AMERICA PRODUCTION COMPANY**.

3.

**BP** has incurred and will continue to incur significant liabilities in connection with the oil spill from **BP**'s well. These liabilities include, but are not limited to, liabilities for clean-up costs under state or federal laws and liabilities for damages to third parties (including individuals, businesses and governmental entities) whose persons or properties have been or will be impacted by the spill.

4.

**BP** provided or attempted to provide notice of claim to **RANGER** by letter dated May 28, 2010.

5.

**RANGER** is seeking a judgment declaring that it has no additional-insured obligation to **BP** with respect to pollution claims against **BP** for oil emanating from **BP**'s well.

## PARTIES

6.

RANGER issued a liability insurance policy. RANGER is the lowest layer policy which is $50 million in limits afforded under the policy issued by it.

7.

Defendants are **BP p.l.c.**, **BP EXPLORATION & PRODUCTION, INC.**, **BP AMERICA PRODUCTION COMPANY**, **BP CORPORATION NORTH AMERICA, INC.**, **BP COMPANY NORTH AMERICA, INC.**, **BP PRODUCTS NORTH AMERICA, INC.**, **BP AMERICA, INC.** and **BP HOLDINGS NORTH AMERICA LIMITED**, each of which is a corporation doing business in the state of Texas within the jurisdiction of this Honorable Court and which may be served with process through their respective registered agents. One or more of these entities have been identified as parties responsible for clean-up costs and/or named as Defendants in various lawsuits by third parties for damages to their persons or properties.

## JURISDICTION AND VENUE

8.

The policy issued or subscribed by **RANGER** covers maritime risks. The drilling contract defines the scope of the additional insured protection Transocean agreed to secure in favor of **BP**, and is a maritime contract providing for the use of a vessel, the *Deepwater Horizon*.

9.

This Court has subject matter jurisdiction pursuant to the General Maritime Laws of the United States and 28 U.S.C. § 1333. This Amended Complaint is being filed in accordance with Rule 9(h) of the Federal Rules of Civil Procedure.

10.

Venue is proper in this district pursuant to 28 U.S.C. §1391 because this is a judicial district in which the Defendants are subject to personal jurisdiction and because the policy of insurance was issued and delivered to Transocean in Houston, Texas.

## GENERAL ALLEGATIONS

11.

As is customary in the industry, the drilling contract requires additional insured protection in favor of certain **BP** entities, but such protection is limited in scope to the liabilities assumed by Transocean under the terms of the drilling contract. Therefore, reference to the drilling contract is necessary to determine the scope of the additional insured protection.

12.

Transocean's pollution-related liabilities to **BP** are set forth in Article 24.1 of the drilling contract, which provides that Transocean "shall assume full responsibility for and shall protect, release, defend, indemnify, and hold [**BP**] ... harmless from and against any loss, damage, expense, claim, fine, penalty, demand, or liability for pollution or contamination, including control and removal thereof, <u>originating above the surface of the land or water from spills, leaks, or discharges</u> of fuels, lubricants, motor oils, pipe dope, paints, solvents, ballasts, air emissions, bilge, garbage or any other liquid or solid whatsoever <u>in the possession and control</u> of [Transocean] ...." (Emphasis added).

13.

**BP**'s pollution-related liabilities to Transocean are set forth in Article 24.2, which provides that **BP** "shall assume full responsibility for and shall protect, release, defend, indemnify and hold

[Transocean] harmless from and against any loss, damage, expense, claim, fine, penalty, demand or liability for pollution or contamination, including control and removal thereof, arising out of or connected with operations under this contract hereunder and <u>not assumed by</u> [Transocean] in Article 24.1 above ...." (Emphasis added).

14.

The phrase "shall protect, release, defend, indemnify and hold harmless" used in Articles 24.1 and 24.2 is broadly defined in Article 25.1.

15.

Exhibit "C," Section 3 of the drilling contract states that **BP** is an additional insured under the policy issued or subscribed by **RANGER** only "for liabilities assumed by [Transocean] under the terms of this Contract," *i.e.*, above land/water surface pollution from substances in Transocean's possession. Because the liabilities **BP** faces for pollution emanating from **BP**'s well are from below the surface and from **BP**'s well, those liabilities are not within the scope of the additional insured protection.

16.

Other terms, conditions, limitations and exclusions of the policy may preclude coverage to **BP** in connection with the liabilities in question.

## POLICY

17.

The policy insuring Transocean was issued for the period May 1, 2009 to May 1, 2010. The coverage afforded under this policy is subject to certain terms, conditions, limitations and exclusions.

18.

The Policy Provision 10 contains a Choice of Law/Jurisdiction clause which states that the "proper and exclusive law of this insurance policy shall be Texas law. Any disputes arising under or in connection with this insurance policy shall be subject to the exclusive jurisdiction of the Texas courts."

## DECLARATORY JUDGMENT

19.

The allegations contained in Paragraphs 1-18 are incorporated by reference herein.

20.

The notice of claim provided or attempted to be provided by **BP** on May 28, 2010 presents an actual and existing controversy between **RANGER** and **BP** with respect to the existence and scope of the obligations of **RANGER**, if any, in connection with **BP**'s liabilities for the oil emanating from **BP**'s well. The notice asserts a claim regarding "liabilities arising from the incident emanating from drilling operations of Transocean's rig Deepwater Horizon ....". However, the additional insured protection, as required and restricted by the drilling contract, specifically does not extend to **BP**'s liabilities for claims relating to pollution from **BP**'s well.

21.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, **RANGER** seeks a judicial declaration of its rights and duties as to **BP**, if any, under the policy in connection with **BP**'s pollution-related liabilities for the oil emanating from **BP**'s well. The Court's making such a declaration will confer certainty on the parties with respect to their rights and obligations under the policy, and therefore, will serve the interests of justice.

22.

RANGER seeks the following declarations:

A.  BP assumed full responsibility in the drilling contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well.

B.  The additional insured status in the drilling contract therefore does not extend to the pollution liabilities BP has incurred and will incur with respect to oil emanating from BP's well.

C.  RANGER has no additional insured obligation to BP under the policy for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from BP's well.

D.  BP is not entitled to coverage under the policy for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from BP's well.

23.

RANGER pleads all other conditions, terms, limitations, definitions and exclusions of the policy which may be found to be applicable as its investigation of the claim continues, and RANGER reserves the right to amend this Amended Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

24.

Pursuant to Chapter 38 and section 37.009 of the Texas Civil Practice and Remedies Code and 28 U.S.C. § 2202, RANGER requests recovery of its attorneys' fees and costs.

## PRAYER

RANGER INSURANCE LIMITED prays for declaratory judgment in its favor confirming that BP is not afforded additional insured coverage in connection with BP's pollution-related liability for oil emanating from BP's well in connection with the explosion, fire and subsequent sinking of the

*Deepwater Horizon,* and further pray for all such other and further relief as equity and the justice of this cause may require and permit.

Respectfully submitted,

**MALONEY★MARTIN, L.L.P.**

By: /s/ **MICHAEL J. MALONEY**
    MICHAEL J. MALONEY
    SBOT: 12883550
    The Clocktower Building
    3401 Allen Parkway, Suite 100
    Houston, Texas 77019
    (713) 759-1600 – telephone
    (713) 759-6930 – facsimile

ATTORNEY FOR PLAINTIFF,
**RANGER INSURANCE LIMITED**